McGRATH *v.* MOODY.

1. BANKS AND BANKING—DIRECTORS—ASSESSMENTS AGAINST QUALIFYING SHARES.

Director of bank who had acquired shares of stock therein under an agreement for repurchase by the corporate seller in case he ceased to be a director and who had taken statutory oath he was the owner in good faith *held,* subject to 100 per cent. assessment against stockholders since it would be against public policy to let him avoid liability thereunder after he expressly and openly assumed such liability in conformance with the statute (3 Comp. Laws 1929, § 11911).

2. SAME—GENERAL CORPORATION ACT—REPEALS.

The provision of the general banking act requiring that directors of banks own a certain amount of stock *held,* not repealed by amendments to the general corporation act either expressly or by implication since the general corporation act, in force at time assessment against stockholders was made, expressly excluded banking corporations from its operation (Comp. Laws 1929, §§ 9950, 9968, 9969, 11911).

3. SAME—DIRECTORS—ASSESSMENT AGAINST QUALIFYING SHARES—ESTOPPEL—CONTINGENT CLAIMS.

Filing of claim by bank receiver against corporation which owned all of the stock in the bank and had sold qualifying shares to defendant director for a nominal sum under an agreement to repurchase at same price when he should cease to be a director *held,* not to estop plaintiff from his right to proceed against record holders of the stock where claim filed was a contingent one (3 Comp. Laws 1929, § 11911).

Appeal from Wayne; Simpson (John), J., presiding. Submitted April 7, 1939. (Docket No. 48, Calendar No. 40,438.) Decided June 5, 1939.

Action by Joseph J. McGrath, receiver of the Peoples Wayne County Bank of Wyandotte, against Arnott H. Moody to recover sums due on a stockholder's assessment. Judgment for plaintiff. Defendant appeals. Affirmed.

*Henry Messimer,* for plaintiff.

*Charles L. Goldstein* (*Herbert B. Thompson,* of counsel), for defendant.

Butzel, C. J.    Defendant became the nominal owner of 10 shares of stock in the Peoples Wayne County Bank of Wyandotte in order to qualify as a director and thus conform with the law which provided that every director must own in his own name such shares of the bank stock, the par value of which shall not be less than $1,000, and that he take and subscribe to an oath stating that he is the owner in good faith of such qualifying shares.    3 Comp. Laws 1929, § 11911.    As a matter of fact, all of the shares of the bank were owned or controlled by the Detroit Bankers Company with whom defendant made a purchase agreement for the acquisition of the 10 shares of stock in order to comply with the statute, and also for the escrowing of the stock to a trustee.    In the event that defendant should cease to be a director, the Detroit Bankers Company was to reacquire the stock upon paying to the holder the price at which he had purchased it; Detroit Bankers Company was to receive all dividends and retain all subscription rights which might accrue to the stock.    The price paid for the 10 shares of $100 each was $5 per share, or $50.    Peoples Wayne County Bank of Wyandotte closed February 14, 1933. Subsequently plaintiff was appointed receiver and brought this suit to recover stockholders' assessment of 100 per cent.    Defendant appeals from a judgment in favor of plaintiff.

Defendant strenuously insists that the instant case is governed by the cases in which we held that the true owner of the stock and not the nominal owner was liable for the stockholder's liability on bank stock. *Foster* v. *Row,* 120 Mich. 1 (77 Am. St. Rep. 565); *Gibson* v. *Oswalt,* 269 Mich. 300; *Fors* v. *Farrell,* 271 Mich. 358. These cases do not involve a director who has taken the oath prescribed by law that he is the owner in good faith of the stock. The question is not new, but frequently has arisen in other jurisdictions where the decisions unanimously uphold the assessment. *Swenson* v. *McFerson,* 91 Col. 519 (17 Pac. [2d] 530); *Rowley* v. *Pogue,* 203 Ind. 655 (178 N. E. 449, 181 N. E. 589, 185 N. E. 273); *Johnson* v. *Wilson,* 142 Kan. 777 (52 Pac. [2d] 631); *Gossett* v. *Seggerman,* 130 Tex. 470 (111 S. W. [2d] 685). It would be against public policy to permit one to avoid liability when he expressly and openly assumed such liability in conformance with the statute.

It is argued by appellant, however, that personal ownership of qualifying shares was not required of him as a director of the Peoples Wayne County Bank of Wyandotte because the provisions of the general banking act (3 Comp. Laws 1929, § 11911) were superseded by 2 Comp. Laws 1929, §§ 9968, 9969, amended provisions of the general corporation act of 1921. There has been no express repeal of the general banking act; its provisions were codified and reenacted by Act No. 66, Pub. Acts 1929 (3 Comp. Laws 1929, § 11898 *et seq.* [Stat. Ann. § 23.1 *et seq.*]). There was likewise no repeal by implication since the general corporation act of 1921 (see Act No. 84, Pub. Acts 1921, part 1, chap. 1, § 8 [2 Comp. Laws 1929, § 9950]), and the present act (Act No. 327, § 3, Pub. Acts 1931 [Stat. Ann. § 21.3]) expressly exclude banking corporations from their operation.

Defendant finally contends that inasmuch as plaintiff filed a claim against the Detroit Bankers Com-

pany for the statutory assessment on stock held by defendant and others who qualified as directors, he had made an election and is estopped from suing defendant. The claim filed was a contingent one, plaintiff stating in his proof of claim that an assessment would be levied against Detroit Bankers Company, if it should appear that the claim should lawfully be made against it or its receiver rather than against the record holders of the shares. The proof of claim itself did not waive plaintiff's right to proceed against the record holders of the stock, including appellant.

Judgment is affirmed, with costs to plaintiff.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.